[No. 2587.  Decided July 13, 1897.]

# Abigail J. Seavey, *Respondent*, v. City of Seattle, *Appellant*.

MUNICIPAL CORPORATIONS — LIABILITY FOR CONDEMNATION AWARDS — ESTOPPEL — ENFORCEMENT OF AWARD — DEFENSES — RECORD ON APPEAL.

Under charter provisions requiring that the entire expense of the improvement, where land is appropriated for the widening of a street, should be assessed upon the property benefited, the city cannot be made liable to pay condemnation awards, if it has not actually collected the money due upon the assessments, at least until after it has been fully moved to prosecute the collection of the assessments and has failed and the further right to enforce collection has become lost.

The fact that judgments for damages by reason of the appropriation of land had been awarded against the city in certain condemnation proceedings would not estop the city from questioning the right of another claimant to judgment under similar circumstances.

Where a motion for judgment upon an award in condemnation proceedings for the appropriation of land for widening a street is sought against the city, the latter may, as a defense, set up the abandonment of the improvement scheme.

Upon an appeal from a judgment in an action to enforce a condemnation award, the absence from the record of the assessment roll is immaterial, although it may have been in evidence in the court below.

Appeal from Superior Court, King County.—Hon. T. J. Humes, Judge. Reversed.

*John K. Brown*, and *F. B. Tipton*, for appellant.
*Blaine & DeVries*, for respondent.

The opinion of the court was delivered by

Scott, C. J.—This is an appeal from a judgment rendered in favor of the plaintiff upon an award of damages

made in September, 1889, for land which the city proposed
to take in widening and improving the street on which it
fronted.  There was no showing in support of the motion
for judgment, aside from the record of the proceedings,
which included the ordinance passed for widening the
street, condemning the necessary property therefor and
assessing the cost upon the property benefited, the report
of the appraisers, a map of the property where the improve-
ment was located, and the assessment roll required by the
ordinance aforesaid; by which proceedings it appeared that
the plaintiff's land sought to be condemned was appraised
at $2,500.  No move seems to have been made in the
matter after September, 1889, until the motion upon which
the judgment was rendered was made, which was in No-
vember, 1896.  The ordinance was drafted in pursuance
of the provisions of § 101 as connected with § 11 of the
1886 charter of the city (Laws 1885-6, pp. 243 and 270),
which provided for assessing the entire expense of the im-
provement upon the property benefited.

We are of the opinion that the showing was insufficient
to sustain the judgment.  There was no attempt to show
that the city had any money on hand which it had col-
lected upon the property assessed.  In *Baker v. Seattle*, 2
Wash. 577 (27 Pac. 462), rights similar to the one in-
volved here were before the court and passed upon, under
these identical charter provisions.  It was held that the
city could not be charged with the value of the property
taken, at least until after it had been fully moved to prose-
cute the assessments and had failed.  There is nothing to
show in this proceeding whether the assessments had been
collected or not, nor whether the plaintiff in this case had
ever called upon the city officers to proceed therewith, or
had resorted to any proceedings to compel them to pro-
ceed.

We have had a somewhat similar principle before us for consideration in the case of *German American Savings Bank v. Spokane, ante,* p. 315, although the case there presented was not so strong in favor of the claimants, for that involved the rights of a voluntary contractor or his assignee, for work in the improvement of a street, while this involves the right of a party whose land was taken by compulsory process for such purpose; and the case is certainly stronger in favor of the party now before us. But, as the point has been once decided by the court against the right of the plaintiff here to recover upon the facts shown and as such decision is sustained by respectable authority, in the interest of a stable and settled administration of law, we prefer to abide by it although it is an application or extension in a somewhat greater, or more severe, degree of the principle recognized in the case of the *German American Savings Bank v. Spokane,* referred to. If the plaintiff was not content with the manner of payment provided and her right to compel its enforcement, she should have insisted upon payment before surrendering possession of her land, if she has surrendered it. To have entitled her to this judgment there should have been a showing, at least, that she had resorted to some means to compel the city officers to collect the assessments, that they had failed to do so, and that the further right to prosecute the collection had become lost; or, in the alternative, there should have been a showing that the city had actually collected the money upon the assessments and that there was a sufficient balance to satisfy her claim.

It is claimed by the plaintiff, and the record shows, that several judgments were entered upon similar awards in favor of other parties, and it is contended that in consequence of having allowed that course in such instances the city would be estopped from questioning the right of the

plaintiff to a similar judgment; but we do not think that position is well taken. The fact that judgments upon insufficient foundations had been allowed in some instances, if they were, would be no ground upon which to base an estoppel in a similar case. The city could not be estopped in one case in consequence of the successful issue of others, where the city officers had failed to make use of available defenses thereto, if they did neglect to do so. But there is nothing here to show that at the time these other judgments were rendered, which was several years ago, following closely upon the assessment proceedings, there was not money in the treasury collected from the assessments sufficient to meet them. The appellant contends that after this lapse of time the plaintiff was not entitled to proceed by motion in any event, and asserts that as a matter of fact the city never had taken possession of the property, and that it was precluded from making that showing in consequence of the form in which the plaintiff asked for relief. But we do not think that follows. The city had the right to interpose any valid defense it had to the granting of the motion. The matters could have been shown to the court by affidavits primarily on resisting the motion, and, if disputed, the court would no doubt have directed the framing of an issue thereon in some suitable manner for trial; and if, as a matter of fact, the improvement scheme had been abandoned in whole or in part and the plaintiff's land had not been taken, that would have been a defense to her claim for its value.

The plaintiff objected to a consideration of the case here, and moved for a dismissal of the appeal on the ground that the assessment roll was not in the record, and alleges that the same could not be found, but was lost in the lower court, and that if it was here, it might sustain the plaintiff's right to recover. But we do not think it could be

material here. Whether the assessment roll was valid or invalid, it could not help the plaintiff's case, taking it most strongly against the appellant, for the assessment roll certainly would not show that the city had any balance of moneys, which it had collected upon the property assessed, with which to satisfy the plaintiff's claim.

Reversed.

ANDERS, GORDON and REAVIS, JJ., concur.

DUNBAR, J., dissents.